LAWRENCE WHITCOMB & another *vs.* JOHN W. DICKINSON
& another.

Suffolk.   March 25, 26, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Broker's Commission — Action — Mistrial.*

In an action by a broker against A., another broker, and B., the former owner of
land, to recover a commission on the sale of the land, it was held that the evi-
dence disclosed no special contract which bound A., and as the jury had been
allowed to consider a payment made by A. for the purpose of bringing about
the sale as a payment by a joint party to B.'s contract with the plaintiff, and
thus as not having brought about the sale as against the plaintiff, it was *held*
that there was a mistrial with regard to B.

CONTRACT, against John W. Dickinson and J. George Fera,
to recover a broker's commission on the sale of land in Boston.
At the trial in the Superior Court, before *Sheldon*, J., the jury
returned a verdict for the plaintiffs ; and the defendants alleged
exceptions.   The facts material to the points decided appear in
the opinion.

*G. W. Anderson*, (*S. L. Powers* with him,) for the defendants.
*S. L. Whipple*, (*W. R. Sears* with him,) for the plaintiffs.

HOLMES, J.   This is an action by brokers to recover a com-
mission on the sale of land.   It is brought against the owner of
the land, and also against a broker, Dickinson, who was inter-
ested in the sale.   The plaintiffs have had a verdict, and the case
is here on exceptions.   The first question is whether the court
should have ruled that Dickinson was not liable.   We are of
opinion that, on the evidence, the ruling should have been given.
Dickinson had no interest in the land, and he was interested in
the sale only in the sense that he expected to make an inde-
pendent bargain with the seller for a purchase of bonds in Chi-
cago in case the latter got money by that means.   He neither
ostensibly nor in fact was a principal in the transaction.   The
plaintiffs knew that the other defendant, Fera, was the owner of
the land.   If Dickinson is to be held, it must be upon a contract
which expressly purported to bind him.   The account given by
the plaintiffs' agent of his dealings with Dickinson, so far as

material to this question, is that after he had written to Fera on October 29, saying that he had a possible purchaser, and asking the lowest cash price, Dickinson came to him and said that Fera had referred the letter to him, that he had charge of the building and collected rents for Fera, and that he had authority to sell Fera's property at $160,000, but that this authority would expire on November 1, or at least in a short time. The two called upon the purchaser, and Dickinson said that he would give the witness a thousand dollars from his own commission on the sale in Chicago if Fera got $160,000 for the property. He did not make any agreement with the witness that if he found a customer at a lower price he would pay a commission. The purchaser paid only $150,000. On these facts, even if the plaintiffs were warranted in their contention that in the end they were employed generally as brokers by Fera, we do not perceive any ground for holding Dickinson except in the single event contemplated by his promise, an event which did not come to pass. It is true that, on December 5, Dickinson wrote to the plaintiffs a letter saying, " I hereby withdraw from you, as brokers," the land in question, but this use of " I " to people who knew his relation to the property had no more significance than the use of the first person by a clerk behind a counter in a great shop where he is pleased to impersonate the establishment.

Being of the opinion which we have expressed with regard to Dickinson, it seems to us that justice requires a new trial with regard to the defendant Fera, even if there was evidence against him on which the plaintiffs were entitled to go to the jury. The case was tried on the assumption that the plaintiffs could not recover unless their services brought about the sale. There was testimony that Fera would not take less than $160,000, and that by reason of his ulterior interest, in order to carry the sale through, Dickinson agreed to pay ten thousand dollars above what the purchaser was willing to give. Fera based a part of his defence upon this fact. But the jury were allowed to dispose of the defence that Dickinson really brought about the sale by this payment, on the ground that Dickinson and Fera jointly employed the plaintiffs, and that the payment was a matter between the co-defendants, with which the plaintiffs had no concern. Obviously, when it is assumed that Dickinson is not liable, the argu-

ment from his payment becomes very much stronger. If one of two fellow employers of a broker by paying money to the other induces him to make a sale, as between them and the broker the latter may be said to bring about the sale; but if a stranger to the employment offers the same inducement with the same effect, there is more ground for saying that he, and not the broker, brings the sale to pass. The result of the error as to Dickinson's liability was to produce a mistrial as to Fera.

*Exceptions sustained.*